ANDREW J. GRAY IV (CA Bar No. 202137)
BRUNO TARABICHI (CA Bar No. 215129)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001

Attorneys for Plaintiffs
Express Media Group, LLC and DVD.COM, Inc.

CONFORM AND RETURN

ORIGINAL FILED

JAN 11 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Express Media Group, LLC and DVD.COM, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Express Corporation and Gregory Ricks, <br><br> Defendant. | **FIRST AMENDED COMPLAINT** |

Plaintiffs Express Media Group, LLC ("EMG") and DVD.COM, Inc. ("DVD.COM"), by their attorneys, Morgan, Lewis & Bockius LLP, for their First Amended Complaint in this action allege:

## PARTIES

1. EMG is a Nevada limited liability company having its principal place of business at 5890 W. Jefferson Boulevard, Los Angeles, California 90016.

2. DVD.COM is a Nevada corporation having its principal place of business at 5890 W. Jefferson Boulevard, Los Angeles, California 90016.

3. Express Corporation is a Dominica corporation. Plaintiffs lack information regarding Express Corporation's principal place of business; however, Express Corporation has filed an Answer in this action on behalf of the EXPRESS.COM domain name.

4. On information and belief, Gregory Ricks is an individual who owns and/or controls Express Corporation and the EXPRESS.COM domain name. *See* Answer, at 6. Gregory Ricks also allegedly purchased the EXPRESS.COM domain name over the Internet. Plaintiffs lack further information regarding Gregory Ricks.

5. On information and belief, Gregory Ricks and/or Express Corporation own and/or control the EXPRESS.COM domain name. Answer, at 6 (filed September 14, 2006).

6. On information and belief, each of these defendants has participated in and is in some manner responsible for the acts described in the instant First Amended Complaint and the damage resulting therefrom.

7. On information and belief, Defendant Gregory Ricks is the alter ego of Express Corporation and there exists a unity of interest and ownership between Gregory Ricks and Express Corporation such that any separateness between them has ceased to exist, in that Gregory Ricks has completely controlled, dominated, managed and operated Express Corporation since its incorporation for his own personal benefit.

## DOMAIN NAME REGISTRAR, REGISTRY, AND RECORDS

8. The domain name registrar for the EXPRESS.COM domain name is Moniker Online Services, LLC, a limited liability company having its principal place of business at 20 SW 27th Avenue, Suite 201, Pompano Beach, Florida 33069.

9. The domain name registry for the EXPRESS.COM domain name is VeriSign, Inc., a Delaware corporation having its principal place of business at 487 East Middlefield Road, Mountain View, California 94043.

10. The records of the domain name registrar for the EXPRESS.COM domain name identify the registrant of the EXPRESS.COM domain name as Moniker Privacy Services, with an address at 20 SW 27th Avenue, Suite 201, Pompano Beach, Florida 33069 and an e-mail address at 8422-express.com@domainservice.com. The WHOIS Data for the EXPRESS.COM domain name is attached hereto as Exhibit A.

11. On information and belief, Moniker Privacy Services is a service provided by the domain name registrar Moniker Online Services, LLC that allows individuals and entities to

register domain names anonymously (i.e., without disclosing their identity). As such, the true identity of the current registrant of the EXPRESS.COM domain name is not known, though Express Corporation and/or Gregory Ricks have filed an Answer on behalf of the EXPRESS.COM domain name. Plaintiffs require discovery on this issue.

## JURISDICTION AND VENUE

12. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. § 1121, and 28 U.S.C. § 1367, as this action involves substantial claims arising under the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et. seq.*, combined with related and supplemental claims for conversion and trespass to chattels.

13. This Court also has subject matter jurisdiction of the action under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14. On information and belief, Defendants Express Corporation and Gregory Ricks are subject to personal jurisdiction in this district because Defendant Express Corporation has appeared in this action by virtue of filing an Answer, Defendants conduct regular and systematic business in California, and Plaintiffs' causes of action contained herein arise out of or result from Defendants' California-related contacts and purposeful availment of the privilege of conducting activities with or within the State of California.

15. On information and belief, Defendants Express Corporation and Gregory Ricks are subject to personal jurisdiction in this district, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) since a substantial part of the events giving rise to the claims ocurred in this district and/or the property that is the subject of the action is located in this district, and, upon information and belief,

## FACTS RELEVANT TO ALL CLAIMS

13. EMG is in the business of selling movies, video games, and music on the Internet. DVD.COM is a wholly owned subsidiary of EMG, which also sells movies, video games, and music on the Internet.

14.     On May 1, 2001, EMG acquired all right, title, and interest to the EXPRESS.COM domain name and the EXPRESS.COM trademark from Express.com, Inc. by virtue of an Order of the United States Bankruptcy Court for the Central District of California in case number 01-16136-BR.

15.     On September 10, 2002, following EMG's acquisition of the EXPRESS.COM domain name, Express.com, Inc. executed a Registrant Name Change Agreement transferring the EXPRESS.COM domain name to DVD.COM.  A copy of the Registrant Name Change Agreement is attached hereto as Exhibit B.  In addition, a September 20, 2002, printout of DVD.COM's VeriSign domain name account evidencing DVD.Com's ownership of the EXPRESS.COM domain name is attached hereto as Exhibit C.

16.     Since the transfer of the EXPRESS.COM domain name from Express.com, Inc. to EMG in September of 2002, EMG and DVD.COM have diligently renewed and maintained their ownership of the EXPRESS.COM domain name.

17.     Since at least as early as June of 2001, following EMG's acquisition of the EXPRESS.COM domain name and the EXPRESS.COM trademark, EMG has used its distinctive EXPRESS.COM trademark in connection with selling movies, video games, and music on the Internet and in interstate commerce.  Specimens evidencing this use of the EXPRESS.COM trademark are attached hereto as Exhibit D.

18.     On information and belief, despite EMG's and DVD.COM's ownership of the EXPRESS.COM domain name and their rights in the EXPRESS.COM trademark, an anonymous cybersquatter fraudulently induced Network Solutions, LLC to transfer ownership of the EXPRESS.COM domain name to an entity listed as "DNS Admin," without EMG's or DVD.COM's permission or knowledge, on or about November 12, 2004.  A copy of the November 12, 2004, WHOIS record for the EXPRESS.COM domain name after the fraudulent transfer is attached as Exhibit E.

19.     Since the fraudulent transfer on or about November 12, 2004, the anonymous cybersquatter has periodically changed the registrant information of the EXPRESS.COM domain name.  Since the initial fraudulent transfer to "DNS Admin," the WHOIS record for the

EXPRESS.COM domain name has listed at one point or another the following registrants: Mighty LLC, Express Corporation, Gregory A. Ricks, and the current registrant, Moniker Privacy Services. Copies of various WHOIS records evidencing the changing registrants and registrant addresses since the fraudulent transfer on or about November 12, 2004 are attached hereto as Exhibit F.

20. After illegitimately obtaining ownership of the EXPRESS.COM domain name, the current registrant uses a service provided by its domain name registrar, Moniker Privacy Services, to hide its identity.

21. On information and belief, DNS Admin, Mighty LLC, Express Corporation, Gregory A. Ricks, and the current registrant are the same individual or entity, or that at all times relevant herein, each of these entities or individuals was the agent, employee, partner, joint venturer, or co-conspirator of the others.

22. On May 9, 2006, EMG and DVD.COM sent a notice to the current registrant informing it that EMG and DVD.COM own all right, title, and interest in the EXPRESS.COM trademark, that the current registrant's theft, registration, and use of the EXPRESS.COM domain name constitutes trademark infringement, trademark dilution, and cybersquatting, and that EMG and DVD.COM intended to initiate legal action under 15 U.S.C. § 1125(d)(2) to protect their rights. The notice was sent to 20 SW 27th Avenue, Suite 201, Pompano Beach, Florida 33069, the postal address provided by the current registrant to the registrar. EMG and DVD.COM have not received a response to their letter. A copy of EMG's and DVD.COM's May 9, 2006 letter to the current registrant is attached hereto as Exhibit G.

23. On May 9, 2006, EMG and DVD.COM also sent a copy of that same notice to the current registrant via e-mail to 8422-express.com@domainservice.com and express.com@domainservice.com, the e-mail addresses given by the current registrant to the registrar. EMG and DVD.COM did not receive bounce back e-mails indicating that the e-mails sent to 8422-express.com@domainservice.com and express.com@domainservice.com were undeliverable. EMG and DVD.COM, however, did not receive any response to its e-mails. A copy of EMG's and DVD.COM's May 9, 2006 e-mail notices are attached hereto as Exhibit H.

24. On May 31, 2006, Plaintiffs filed their original Complaint against the EXPRESS.COM domain name itself.

25. On September 14, 2006, Defendant Express Corporation filed an Answer on behalf of the EXPRESS.COM domain name. In the Answer, Express Corporation certified that Gregory Ricks owns and/or controls Express Corporation and the EXPRESS.COM domain name. *See* Answer, at 6. As such, Plaintiffs believe that Express Corporation and/or Gregory Ricks is the current registrant of the EXPRESS.COM domain name.

26. By virute of discussions with Defendants' counsel, Plaintiffs have learned that Defendant Gregory Ricks purports to have purchased the EXPRESS.COM domain name in good faith over the Internet. On information and belief, Plaintiffs believe the circumstances of the purported sale (to the extent such a sale even took place) were sufficiently suspicious to put Defendant Gregory Ricks on notice that the EXPRESS.COM domain name was stolen. By virtue of third party discovery and through Defendants' counsel, Plaintiffs have learned that Defendant Gregory Ricks never spoke to the purported seller, the purported seller was unavailable except by e-mail, and the purported seller was located and/or required funds to be wired to a bank account in Lithuania. Discovery regarding this purported transaction and the purported seller is continuing.

27. By virtue of EMG's and DVD.COM's continuous and exclusive use, advertising, and promotion, the EXPRESS.COM trademark has come to symbolize extensive goodwill owned by EMG and DVD.COM. The EXPRESS.COM trademark and the goodwill associated therewith represent an extremely valuable asset to EMG and DVD.COM.

28. Express Corporation's and/or Gregory Ricks' unlawful registration, use, and threatened continued registration of the EXPRESS.COM domain name is likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the EXPRESS.COM domain name and the EXPRESS.COM trademark among the public and EMG's and DVD.COM's customers, as well as dilution of the distinctiveness and value of EMG's and DVD.COM's famous EXPRESS.COM trademark.

29. On information and belief, Express Corporation and/or Gregory Ricks registered

the EXPRESS.COM domain name in bad faith, with full knowledge of EMG's and DVD.COM's prior use of the EXPRESS.COM trademark and EMG's and DVD.COM's ownership of the EXPRESS.COM domain name, and with a bad faith intent to profit from the substantial goodwill associated with EMG's and DVD.COM's EXPRESS.COM trademark. Express Corporation's and/or Gregory Ricks' bad faith is evidenced by, among other things, (1) the suspicious facts and circumstances surrounding the purported purchase of the EXPRESS.COM domain name on the Internet by Defendants as set forth in Paragraph 26, above; (2) their lack of trademark or other intellectual property rights in the EXPRESS.COM domain name and the EXPRESS.COM trademark; (3) their furnishment of anonymous contact information to the domain name registrar; and (4) their past pattern of cybersquatting.

## COUNT I
## CYBERPIRACY UNDER § 1125(d)
## OF THE LANHAM ACT

30. Paragraphs 1-29, above, are realleged and incorporated by reference as if set forth in full.

31. Express Corporation's and Gregory Ricks' aforesaid acts constitute a bad faith intent to profit from EMG's and DVD.COM's EXPRESS.COM trademark and registering, trafficking in, and using a domain name that is identical to EMG's and DVD.COM's EXPRESS.COM trademark in violation of EMG's and DVD.COM's rights under the Anticybersquatting Consumer Protection Act of 1999, as amended, 15 U.S.C. § 1125(d).

32. Express Corporation's and Gregory Ricks' aforesaid acts have caused and will continue to cause great and irreparable injury to EMG and DVD.COM and, unless such acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

33. EMG and DVD.COM have no adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3614691.2

7

FIRST AMENDED COMPLAINT

## COUNT II
## CONVERSION

34. Paragraphs 1-33, above, are realleged and incorporated by reference as if set forth in full.

35. Plaintiffs were the rightful registrant and/or owner of the EXPRESS.COM domain name, and were in lawful possession of the EXPRESS.COM domain name prior to the theft of the domain name from Plaintiffs.

36. On information and belief, Express Corporation and/or Gregory Ricks interfered with Plaintiffs' right to possession of the EXPRESS.COM domain name in Paragraph 35, above, by intentionally taking and/or keeping without authorization Plaintiffs' EXPRESS.COM domain name, thereby converting such property.

37. Express Corporation and/or Gregory Ricks' aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

38. Plaintiffs have no adequate remedy at law.

## COUNT III
## TRESPASS TO CHATTELS

39. Paragraphs 1-38, above, are realleged and incorporated by reference as if set forth in full.

40. On information and belief, Express Corporation and/or Gregory Ricks intentionally and without authorization interfered in Plaintiffs' possessory interest in the EXPRESS.COM domain name.

41. Express Corporation's and/or Gregory Ricks' unauthorized interference and aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiffs and, unless such acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer great and irreparable injury.

42.     Plaintiffs have no adequate remedy at law.

## COUNT IV
## DECLARATORY RELIEF
## RE: OWNERSHIP OF EXPRESS.COM

43.     Paragraphs 1-42, above, are realleged and incorporated by reference as if set forth in full.

44.     An actual controversy exists as to who is the rightful registrant of the EXPRESS.COM domain name.

45.     Having rightfully acquired the EXPRESS.COM domain name only to have it subsequently stolen from them, Plaintiffs seek a declaration that they are the rightful registrant of the EXPRESS.COM domain name.

WHEREFORE, Plaintiffs EMG and DVD.COM pray that the Court:

(i)     declare, adjudge, and decree that EMG and DVD.COM are the sole legal and equitable owners of the EXPRESS.COM domain name;

(ii)    direct Moniker Online Services, LLC transfer and register the EXPRESS.COM domain name to DVD.COM;

(iii)   direct VeriSign, Inc., the domain name registry for the EXPRESS.COM domain name, to change the registrar of record for the EXPRESS.COM domain name to a registrar selected by EMG and DVD.COM;

(iv)    that pursuant to 15 U.S.C. § 1117(a)(1), Defendants be required to account to Plaintiffs for Defendants' profits and for such sums in addition thereto as the Court shall find just;

(v)     that pursuant to 15 U.S.C. § 1117(a)(2), Plaintiffs recover the damages sustained in an amount to be proven at trial;

(v)     that pursuant to 15 U.S.C. § 1117(a)(3), Plaintiffs recover the taxable costs of this civil action, including reasonable attorneys' fees and interest;

(vii)   that pursuant to 15 U.S.C. § 1117(a)(3), Plaintiffs recover the damages arising out of the foregoing acts in a sum equal to three times the damages suffered by Plaintiffs;

(viii)   that pursuant to 15 U.S.C. § 1117(d), Plaintiffs recover statutory damages in the amount of $100,000; and

(ix) award such other and further relief that this Court may deem just and equitable.

Dated: January 11, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Andrew J. Gray IV
Bruno Tarabichi
Attorneys for Plaintiff
Express Media Group, LLC and
DVD.COM, Inc.